_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01072-FWS-DFM                                        Date: August 27, 2025
Title: Robert Mena v. Stewart Surfboards, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Rolls Royce Paschal  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [24] AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

In this case, Plaintiff Robert Mena brings claims against Defendant 2016 S El Camino Real, LLC[1] related to the accessibility of a surf and apparel shop. (Dkt. 1 ("Complaint" or "Compl.").) After Defendant failed to appear, the Clerk entered default. (Dkt. 22.) Now before the court is Plaintiff's Motion for Default Judgment. (Dkt. 24 ("Motion" or "Mot.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for September 25, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **DENIED**.

I.     Background

Due to "a physical disability," "Plaintiff suffers from paraplegia and is substantially limited in his ability to walk," requiring him to use "a wheelchair at all times when traveling in public." (Compl. ¶ 1; *see* Dkt. 17-3 (Declaration of Robert Mena, "Mena Decl.") ¶ 2.) Plaintiff

---

[1] After issuing an Order to Show Cause to which Plaintiff did not respond, the court dismissed Plaintiff's claims against Defendant Peter A. Labahn, as Trustee of the Peter A. Labahn Separate Property Trust, for failure to prosecute and comply with a court order. (Dkt. 20.)

_____
**CIVIL MINUTES – GENERAL**                                                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01072-FWS-DFM                                    Date: August 27, 2025
Title: Robert Mena v. Stewart Surfboards, Inc.

alleges that he visited a "surf and apparel shop ('Business') located at or about 2102 S El Camino Real, San Clemente, California" "[i]n or about February of 2025." (Compl. ¶¶ 2, 10; *see* Mena Decl. ¶ 3.) However, during this visit, "Plaintiff personally encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." (Compl. ¶ 12; *see* Mena Decl. ¶ 4.) Specifically, Defendant "failed to comply with the federal and state standards for the parking space designated for persons with disabilities" by "fail[ing] to provide an access aisle with level surface slope." (Compl. ¶ 13.) "Plaintiff wishes to return and patronize the Business; however, Plaintiff is deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed." (*Id.* ¶ 14; *see* Mena Decl. ¶¶ 5-6.)

Based on these facts, Plaintiff brings Americans with Disabilities Act ("ADA"), Unruh Act, Disabled Persons Act, California Health and Safety Code, and negligence claims against Defendant. (Compl. ¶¶ 18-47.) The court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and therefore dismissed Plaintiff's Unruh Act, Disabled Persons Act, California Health and Safety Code, and negligence claims. (Dkt. 12.)

**II.     Legal Standards and Discussion**

"[A]s with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "[B]ecause private plaintiffs are limited to injunctive relief under Title III, encountering an ADA violation in the past at a place of public accommodation is not enough. Instead, a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier." *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 823, *reh'g denied,* 144 S. Ct. 1132 (2024) (citation omitted). "Thus, an ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01072-FWS-DFM                                  Date: August 27, 2025
Title: Robert Mena v. Stewart Surfboards, Inc.

___

can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950 (9th Cir. 2011). "An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Id.* at 953.

However, "to establish standing, an ADA plaintiff must do more than provide a conclusory declaration of intent to return to the business." *Davidson v. El Quetzal Birdshop LLC*, 2024 WL 4800035, at *3 (C.D. Cal. Sept. 10, 2024). Indeed, "a plaintiff's profession of an intent to return to the places he had visited before is not sufficient to establish standing because such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015) (citation modified); *see also Chapman v. Pismo Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."). In contrast, "[t]he Ninth Circuit has found that deterrence is an actual or imminent injury when the plaintiff demonstrates a 'sincere and plausible' intent to return when the barrier is removed." *Davidson*, 2024 WL 4800035, at *3 (quoting *Kiser*, 57 F.4th at 1098); *Kiser*, 57 F.4th at 1098-99 (finding standing existed where the plaintiff testified at trial "that he would 'absolutely' return to the Lobster Shop if they were to 'fix the parking and have van-accessible parking' because he loves lobster and 'purchase[s] lobster all the time'").

Here, Plaintiff's Declaration states:

> 5. Due to the lack of accessible facilities, I have been deterred from further attempting to visit the Business.
> 6. I would like to return to the Business.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01072-FWS-DFM                                                      Date: August 27, 2025
Title: Robert Mena v. Stewart Surfboards, Inc.

(Mena Decl. ¶¶ 5-6.) As courts in this district consistently find, "[t]hese conclusory statements of intent are insufficient to establish Article III standing." *Davidson*, 2024 WL 4800035, at *3 (reaching this conclusion regarding identical declaration statements) (citing *Gastelum v. Burlington Stores, Inc.*, 2024 WL 389229, at *3 (S.D. Cal. Feb. 1, 2024) (citing *Kiser*, and concluding that a generalized allegation that plaintiff intends to return is insufficient)); *Benford v. Hall*, 2023 WL 6369708, at *3 (C.D. Cal. June 28, 2023) (describing these exact statements as "conclusory allegations [which] amount to 'some day' intentions that are insufficient to establish Article III standing."); *Bouyer v. Cohen*, 2020 WL 8365248, at *3 (C.D. Cal. Dec. 9, 2020) (same); *Bouyer v. LAXMI Hosp. LLC*, 2020 WL 8365252, at *3 (C.D. Cal. Dec. 9, 2020) (same); *Valencia v. Ashoori*, 2022 WL 2124902, at *3 (C.D. Cal. Apr. 6, 2022) (same); *Vera v. Sherman Oaks Dry Cleaners*, 2024 WL 3009307, at *3 (C.D. Cal. Apr. 30, 2024) (same); *Kim v. Taing*, 2021 WL 6751990, at *2 (C.D. Cal. Nov. 15, 2021) ("To carry his burden as to Article III standing, Plaintiff attests: (1) '[d]ue to the lack of accessible facilities, I have been deterred from further attempting to visit' the café, and (2) 'I would like to return to the business.' These are the types of averments the Ninth Circuit finds insufficient to establish Article III standing in ADA cases.") (record citation omitted); *Delapaz v. Tr. of R Sterling Spector Revocable Living Tr.*, 2022 WL 2189363, at *2 (C.D. Cal. Jan. 21, 2022) (same); *Ahn v. Gary Liang Inv. LLC*, 2022 WL 18278421, at *2 (C.D. Cal. May 18, 2022) (same); *Doering v. Bovadilla*, 2025 WL 2093413, at *3 (C.D. Cal. June 24, 2025) (similar); *Lee v. Woo*, 2025 WL 2093428, at *3 (C.D. Cal. July 11, 2025) (similar). "Plaintiff's statements lack any of the requisite supporting facts necessary to demonstrate an intent to return." *Davidson*, 2024 WL 4800035, at *3. For example, Plaintiff "has not presented information establishing his proximity to the Property, the regularity of [her] visits to that area, an explanation of why Plaintiff prefers this accommodation over others, or anything else specifically showing that he has reason to and actually intends to return to the Property." *Benford*, 2023 WL 6369708, at *3. "The Court therefore concludes that Plaintiff has failed to proffer sufficient facts to establish Plaintiff's standing to obtain the injunctive relief Plaintiff seeks." *Davidson*, 2024 WL 4800035, at *3.

### III. Disposition

For the reasons stated above, the Motion is **DENIED**, and the court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. If Plaintiff chooses to file an amended complaint, he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01072-FWS-DFMDate: August 27, 2025
Title: Robert Mena v. Stewart Surfboards, Inc.

must do so on or before **September 17, 2025.**[2] Failure to file an amended complaint or seek other appropriate relief by the deadline set by the court will result in dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (citation modified); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

---

[2] If Plaintiff files an amended complaint in accordance with this Order, Plaintiff may not move for default judgment as to the amended complaint unless and until any Defendant named in the amended complaint fails to respond to the properly-served amended complaint and Plaintiff obtains an entry of default from the Clerk. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1.